UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

MARK E. MERIWETHER, )
)
Petitioner, )
)
vs. ) No. 4:14-cv-00119-TWP-TAB
)
SUPERINTENDENT, Branchville )
Correctional Facility, )
Respondent. )

**Entry Directing Further Proceedings**

**I.**

**A.**

The petitioner shall have through January 22, 2015 in which to either pay the $5.00 filing fee for this action or demonstrate that he lacks the financial means to do so.

**B.**

The proper respondent is the petitioner's custodian, as shown in the caption of this Entry, and the docket shall be amended to show the substitution of the petitioner's custodian as respondent. The designation of other co-respondents in the habeas petition is **stricken as improper.**

## II.

### A.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). A habeas petitioner such as petitioner Meriwether must give the state courts a meaningful opportunity to consider the substance of the claims later presented in federal court. *Id.* Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). It was noted by the Supreme Court that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U. S. 364, 365 (1995) *(per curiam)* (quoting *Picard v. Connor*, 404 U. S. 270, 275 (1971) (citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999).

*Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004).

Under Indiana law "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief." *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that). This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985). McCoy claims that his state parole was improperly revoked. His petition suggests that he has not challenged the revocation

of his parole in the trial court through an action for post-conviction relief. Instead, he has come directly to federal court with the present habeas petition.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992).

**B.**

Based on the discussion in Part II.A. of this Entry, the petitioner shall have through January 22, 2015 in which to either file a notice of dismissal or show cause why the action should not be dismissed without prejudice based on his failure to exhaust available remedies in the Indiana state courts.

IT IS SO ORDERED.

Date: 12/23/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MARK E. MERIWETHER
188184
BRANCHVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
21390 Old State Road 37
BRANCHVILLE, IN 47514